**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
**CASE NO.:**

**TAYLOR DEVINE,**

**Plaintiff,**

**vs.**

**SMOKIE JERRY'S TIKI BAR & GRILL, LLC, a Florida Limited Liability Company,**

**Defendant.**
______________________________/

**COMPLAINT & DEMAND FOR JURY TRIAL**
**DECLARATORY RELIEF REQUESTED**
**INJUNCTIVE RELIEF REQUESTED**

Plaintiff, **TAYLOR DEVINE** ("Mr. Devine" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, **SMOKIE JERRY'S TIKI BAR & GRILL, LLC** ("Defendant" or "SJTB"), a Florida limited liability company, and in support thereof states as follows:

## INTRODUCTION

1. Plaintiff brings this action for sex discrimination and retaliation based on sex in violation of Title VII of the Civil Rights Act ("Title VII"), and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory

damages, punitive damages, declaratory relief, injunctive relief, and his attorneys' fees and costs.

**JURISDICTION AND CONDITIONS PRECEDENT**

3. This Court has original jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331, as they arise under federal law, and the actions giving rise to this lawsuit occurred in Charlotte County, Florida.

4. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his Title VII claims.

5. On or about October 16, 2025, Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights ("FCHR").

6. More than 180 days have passed since the filing of the Charge of Discrimination, rendering Plaintiff's FCRA claims ripe for filing.

7. On June 10, 2026, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

8. Pursuant to Title VII and the FCRA, Mr. Devine timely files this lawsuit within the applicable period of limitations against SJTB, and has complied with all administrative prerequisites.

9. All conditions precedent to this action have been satisfied and/or waived.

## **VENUE**

10. Venue is proper because SJTB maintains its principal location and conducts substantial business in Charlotte County, Florida, and Plaintiff worked for Defendant in Charlotte County, Florida, where the actions at issue took place.

## **PARTIES**

11. Plaintiff is protected by Title VII and the FCRA because he was a male who suffered discrimination and harassment based on his sex by Defendant.

12. Plaintiff is protected by Title VII and the FCRA because he suffered an adverse employment action in retaliation to his objections to discrimination based on sex.

13. Defendant was at all material times an "employer" as defined by Title VII and the FCRA as it employed in excess of fifteen (15) employees.

14. Plaintiff was at all material times an "employee" as defined by Title VII and the FCRA.

15. Defendant is a Florida limited liability company that is registered to do business in the State of Florida, including, among other places, Charlotte County, Florida.

## **STATEMENT OF FACTS**

16. Mr. Devine worked for SJTB, most recently as a Cook, from February 18, 2022, until his forced discharge on October 16, 2025.

17. SJTB had an ongoing problem with sexual harassment in the workplace.

18. For example, a young female employee had been subjected to unwanted advances and harassment by the brother of Mr. Devine's SJTB Manager, Marco, who had preceded Marco in the Manager role.

19. On October 16, 2025, Mr. Devine approached Marco, who did the scheduling, to ask about some days in the near future that he had requested off.

20. Marco objected to one of the days that Mr. Devine had requested off.

21. Mr. Devine reminded Marco that he had, in the past, covered for Marco when Marco had needed days off, and had done so without objection.

22. Marco ultimately stated, "fine, I will let you have [that] day off, but I'm letting you know right now that if you didn't live with your parents, you would be sucking my dick right now for your job."

23. Marco then looked Mr. Devine directly in the eyes and stated forcefully, "and that was personal."

24. Mr. Devine told Marco, "yeah, I can tell that was personal."

25. This incident was witnessed by a co-worker named Troy.

26. Mr. Devine objected that SJTB's actions and statements constituted unlawful sexual harassment and discrimination based on sex, which violates Title VII and the FCRA.

27. Mr. Devine's objections constituted protected activity under Title VII and the FCRA.

28. SJTB's Owner, Charlie, then walked in.

29. Mr. Devine repeated his aforementioned objections to Charlie.

30. Mr. Devine's objections constituted protected activity under Title VII and the FCRA.

31. Charlie swiftly took Marco's side, declined to rebuke or correct Marco in any way, and instead appeared to justify Marco's outrageous behavior and statements.

32. That same day, October 16, 2025, realizing that matters were worsening rather than improving, and that SJTB had no intention of correcting the sexual harassment and sex discrimination, Mr. Devine reluctantly resigned from his employment with SJTB.

33. No reasonable person would have done otherwise.

34. Title VII and the FCRA prohibit sex discrimination in the workplace.

35. Plaintiff's forced discharge constitutes an adverse employment action as defined by Title VII and the FCRA.

36. Plaintiff suffered an adverse employment action as a result of his sex.

37. With respect to Plaintiff's objections to Defendant's discrimination based on sex, Defendant violated Title VII and the FCRA because it failed to take prompt and remedial action to correct the sex discrimination, as the law required, and instead, endorsed and ratified the unlawful conduct.

38. Defendant provided no valid cause, reason, or explanation to Plaintiff for his forced discharge.

39. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for Plaintiff's forced discharge.

40. Any reason provided for Plaintiff's discharge by Defendant is a pretext and cover-up for illegal discrimination and retaliation.

41. Plaintiff's forced discharge was for pretextual and discriminatory reasons, including, but not limited to, discrimination and retaliation based on sex.

42. At all times material hereto, Plaintiff was ready, willing, and able to perform his job duties, and had been doing so reliably and competently for several years.

43. Defendant did not have a legitimate, non-discriminatory, non-retaliatory rationale for allowing and participating in the discrimination suffered by Plaintiff.

44. By reason of the foregoing, Defendant's actions violated Title VII and the FCRA.

45. Plaintiff suffered sufficiently severe and pervasive discrimination to create an abusive working environment.

46. SJTB's adverse employment action against Mr. Devine was taken in retaliation for his sex and in retaliation for his objections to SJTB's discrimination based on sex and outright sexual harassment and abuse.

47. Plaintiff has suffered damages as a result of Defendant's conduct.

48. Defendant lacked a good faith basis for its actions and its outrageous statements.

49. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I: SEX DISCRIMINATION/SEXUAL HARASSMENT IN VIOLATION OF TITLE VII**

50. Plaintiff realleges and adopts the allegations contained in Paragraphs 1 through 3, 5, 7 through 11, 13 through 26, 28 through 45, and 47 through 49, above.

51. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex discrimination under Title VII.

52. The discrimination to which Plaintiff was severe and pervasive, and was based on sex.

53. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

54. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

55. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

56. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT II: SEX DISCRIMINATION/SEXUAL HARASSMENT IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

57. Plaintiff realleges and adopts the allegations contained in Paragraphs 1 through 2, 4 through 6, 8 through 11, 13 through 26, 28 through 45, and 47 through

49, above.

58. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

59. The discrimination to which Plaintiff was subjected was severe and pervasive, and was based on sex.

60. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

61. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

62. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

63. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front

pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

**COUNT III: RETALIATION IN VIOLATION OF TITLE VII BASED ON SEX**

64. Plaintiff realleges and adopts the allegations contained in Paragraphs 1 through 3, 5, 7 through 10, 12 through 18, 22 through 32, 35, 37 through 43, and 46 through 49, above.

65. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

66. The retaliation to which Plaintiff was subjected was based on his opposition to Defendant's illegal and discriminatory actions based on sex.

67. Plaintiff's discharge was in extremely close temporal proximity to his objections to Defendant that he felt that he was being discriminated against and harassed and abused based on sex.

68. Plaintiff's objections constituted protected activity under Title VII.

69. Plaintiff was discharged as a direct result of his objections to what he reasonably believed to be sex discrimination and sexual harassment.

70. Plaintiff's objections to Defendant's illegal conduct, and his forced

discharge, are causally related.

71. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

72. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

73. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

74. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

75. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

**COUNT IV: RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT BASED ON SEX**

76. Plaintiff realleges and adopts the allegations contained in Paragraphs 1 through 2, 4 through 6, 8 through 10, 12 t through 18, 22 through 32, 35, 37 through 43, and 46 through 49, above.

77. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Section 760.10(7), Florida Statutes.

78. The retaliation to which Plaintiff was subjected was based on his opposition to Defendant's illegal and discriminatory actions based on sex.

79. Plaintiff's discharge was in extremely close temporal proximity to his objections to Defendant that he felt that he was being discriminated against and harassed and abused based on sex.

80. Plaintiff's objections constituted protected activity under the FCRA.

81. Plaintiff was discharged as a direct result of his objections to what he reasonably believed to be sex discrimination.

82. Plaintiff's objections to Defendant's illegal conduct, and his discharge, are causally related.

83. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

84. The conduct of Defendant and its agents and employees proximately,

directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

85. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

86. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

87. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

***(Remainder of page left intentionally blank)***

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 4th day of September, 2026.

Respectfully Submitted,

***/s/ Tanner M. Borges***
Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com

*Attorney for Plaintiff*